**Henderson SHARP, Jr.,
Petitioner–Appellant,
Cross–Appellee,**

v.

**Steve W. PUCKETT, Superintendent of Mississippi State Penitentiary at Parchman, and Attorney General of Mississippi, Respondents–Appellees, Cross–Appellants.**

**No. 90–1351.**

United States Court of Appeals,
Fifth Circuit.

May 7, 1991.

---

**4.** Nor, so far as we can determine, have any of these claims been raised in state court.

Henderson Sharp, Jr., Parchman, Miss., pro se.

Marvin L. White, Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellees, cross-appellants.

Before CLARK, Chief Judge,
RONEY *, and DUHÉ, Circuit Judges.

RONEY, Circuit Judge:

Henderson Sharp, Jr., convicted of murder and sentenced to life imprisonment, was granted a writ of habeas corpus for ineffective assistance of *appellate* counsel, but was denied relief on his claim of ineffective assistance of *trial* counsel. Both Sharp, proceeding pro se, and the State appeal. We affirm the denial of relief as to trial counsel, but vacate the grant of relief as to appellate counsel, and remand for a determination as to prejudice. Since the record does not support the finding of constructive complete denial of appellate counsel, relief cannot be granted absent a showing of prejudice.

Sharp was convicted of the murder of W.E. (Gene) Davis. Testimony at his trial indicated that Sharp had been employed by Davis and his brother. During the morning of July 13, 1982, Sharp and the Davises argued, Sharp was fired, and he left the job site. At approximately 1:00 that afternoon, Sharp returned with a gun and shot Gene, who died from those wounds. Sharp was found guilty of murder, sentenced to life imprisonment, and his conviction was affirmed on direct appeal. *Sharp v. State*, 446 So.2d 1008, 1009 (Miss.1984).

*Ineffective Assistance of Trial Counsel*

As to the petitioner's claim for relief based on ineffective assistance of trial counsel, we affirm on the basis of the Magistrate Judge's Report and Recommendation adopted by the district court. To prevail, the petitioner had to satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): *first*, that counsel's performance was deficient in that it fell below an objective standard of reasonable performance; and, *second*, that the deficient performance actually prejudiced the defense such that there is a reasonable probability a different result would have been reached at trial. *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir.1986).

In support of his claim of ineffective assistance of trial counsel, petitioner made nine allegations. In a careful Memorandum, properly analyzing the applicable law, the Magistrate Judge addressed each allegation and properly concluded that most did not satisfy the first requirement of *Strickland*, and the rest did not meet the second.

*Ineffective Assistance of
Appellate Counsel*

In *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), the Supreme Court distinguished between two types of denial of effective assistance of appellate counsel: *first*, when the deficiency consists of failure to raise or properly brief or argue certain issues on appeal, and *second*, when there has been actual or constructive

---

* Circuit Judge of the Eleventh Circuit, sitting by designation.

complete denial of any assistance of appellate counsel. The first type of case requires a showing of *Strickland* prejudice. When, however, the defendant is actually or constructively denied any assistance of counsel, prejudice is presumed, and neither the prejudice test of *Strickland* nor the harmless error test of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is appropriate.

On the appeal of Sharp's case to the Supreme Court of Mississippi, the six-page appellate brief only raised one issue, error in allowing certain autopsy photographs into evidence, which counsel admitted was weak. The Magistrate Judge noted that an issue concerning the lesser-included offense instruction had been preserved and was readily available for appeal, but was not argued. Based on this, the Magistrate Judge held that the single issue brief was insufficient. The Magistrate Judge concluded that the performance of Sharp's appointed appellate counsel amounted to a constructive denial of counsel and granted relief with no showing of prejudice. The record does not support this decision.

Petitioner's appellate counsel was present throughout the entire appellate process, reviewed the record, and filed an appellate brief which argued a non-frivolous ground of error.

This case is unlike the two cases relied on by the Magistrate Judge. In *Lofton v. Whitley*, 905 F.2d 885 (5th Cir.1990), petitioner's appointed appellate counsel filed a two-page brief which raised no possible grounds of error and merely requested that the court review for errors patent on the face of the record. In *Lombard v. Lynaugh*, 868 F.2d 1475 (5th Cir.1989), appellate counsel filed a two-page brief which argued no possible grounds for appeal and merely gave a conclusory statement that any appeal would be without merit.

Prior to *Penson*, the Supreme Court had held that appellate counsel is not constitutionally ineffective just because he does not raise every non-frivolous issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders [v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)]. Nothing in the Constitution or our interpretation of that document requires such a standard. 463 U.S. at 754, 103 S.Ct. at 3314.

The Supreme Court specifically distinguished the *Jones* situation in its *Penson* "no prejudice required" and "no harmless error applicable" decision:

The present case is unlike a case in which counsel fails to press a particular argument on appeal, *cf. Jones v. Barnes*, 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308 (1983), or fails to argue an issue as effectively as he or she might. *Penson*, 488 U.S. at 75, 109 S.Ct. at 347.

Following the teaching of these two cases, it is inappropriate to hold that a petitioner is entitled to relief without a showing of prejudice because counsel fails to argue an issue on appeal that strikes the court as being colorable and more meritorious than the points actually argued. This Court has followed *Jones* in holding that counsel is not ineffective merely because counsel fails to raise issues requested by defendant. *Hamilton v. McCotter*, 772 F.2d 171 (5th Cir.1985). We have subsequently held that counsel is not ineffective for failing to raise every possible point on appeal. *Wicker v. McCotter*, 783 F.2d 487 (5th Cir.1986).

Petitioner had contended that his appointed appellate counsel was ineffective because counsel (1) did not introduce himself to petitioner, confer with him about the appeal, or show him the appellate briefs before they were submitted to the Supreme Court of Mississippi; (2) did not advise petitioner of other avenues of appeal available to him after the Supreme Court of Mississippi had affirmed his conviction; and (3) was related to a person who was a defendant in a pending civil action filed by petitioner. For these allegations to impact

on the appeal, there would need to be some showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal.

The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the appeal].

*Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

The Magistrate Judge convened an evidentiary hearing and held that counsel's conduct had "resulted in a failure to subject the prosecution's case to meaningful adversarial testing." When it comes to a counseled appeal after conviction, however, the key is whether the failure to raise an issue worked to the prejudice of the defendant. Without this showing of prejudice, a defendant is not entitled to relief, if he has indeed been represented by counsel who has read the record and filed an appellate brief arguing a non-frivolous issue. Such was the case here.

The record supports a decision that counsel's performance was deficient in that it fell below an objective standard of reasonable performance, thus meeting the first requirement of *Strickland.* Holding that no prejudice need be shown in order to grant defendant relief, however, the district court did not examine the case for prejudice. We, therefore, vacate the judgment insofar as it granted habeas corpus relief and remand to the district court for this purpose.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.