103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Corey D. SIMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3643.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Nov. 22, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 13, 1997.
 
 Before POSNER, Chief Judge, and BAUER and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Corey Sims filed a motion for postconviction relief, 28 U.S.C. § 2255, arguing (among other claims) that he received ineffective assistance of counsel on the direct appeal of his conviction for drug violations. The principal issue here is whether the perfunctory representation by Sims' appellate counsel should be measured by the customary standards of Strickland v. Washington, 466 U.S. 668 (1984), or whether such performance must be deemed presumptively prejudicial. We believe that Strickland controls the facts of this case, and we affirm.
 
 
 2
 We assume familiarity with the facts from our prior order and do not restate them here.
 
 
 3
 Following a nine-day jury trial with two codefendants,[1] Sims was convicted of conspiracy to distribute more than five kilograms of cocaine and of a substantive count charging cocaine-related activities. He was sentenced to 121 months' imprisonment.
 
 
 4
 On direct appeal, Sims retained California attorney James Devitt. By all accounts, counsel rendered woefully deficient assistance. Counsel filed an appellate brief that was barely four pages long, raising three arguments that lacked any merit or relevance to Sims' appeal. The argument section of the brief made no reference to the record at all.[2] Counsel then failed to appear at oral argument, which included the consolidated appeals of Sims and seven codefendants. Sims' conviction and sentence were affirmed by this court in an unpublished decision. United States v. Sims, No. 92-1166 (7th Cir. Mar. 31, 1994).
 
 
 5
 Sims then filed a pro se motion for post-judgment relief under 28 U.S.C. § 2255. He claimed that trial counsel was ineffective; that appellate counsel was ineffective; and that the district court improperly allowed coconspirator statements to be introduced against him at trial. The district court denied the motion without a hearing, United States v. Sims, 898 F.Supp. 643 (E.D.Wis.1995), and Sims filed this appeal.
 
 DISCUSSION
 
 6
 In reviewing the district court's denial of the motion, we review all factual determinations for clear error and consider all questions of law de novo. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.), cert. denied, 117 S.Ct. 270 (1996). Relief may be available if Sims can demonstrate flaws in his conviction or sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995).
 
 
 7
 On appeal, Sims renews the same arguments that he presented in his motion.[3] Of those arguments, Sims' claim of ineffectiveness of appellate counsel presents the closest question, and we turn to that question first.
 
 
 8
 I. Ineffective Assistance of Appellate Counsel
 
 
 9
 Sims claims that he was denied the right to effective assistance of appellate counsel when his attorney failed to investigate and review the case; to raise significant and obvious issues on appeal; and to appear at oral argument. Sims adds that counsel should have argued that there was insufficient evidence to convict him on the drug charges.
 
 
 10
 The Sixth Amendment entitles Sims to the effective assistance of counsel not only at trial, but during his direct appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). In general, the performance of appellate counsel is assessed according to the same standards applied to trial counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). Mason v. Hanks, 97 F.3d 887, 892 (7th Cir.1996). To prevail on his claim of ineffective assistance, Sims must satisfy both prongs of Strickland 's two-part test. First, he must show that counsel's representation fell below an "objective standard of reasonableness." Strickland, 466 U.S. at 688; Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Second, he must show that counsel's deficient representation prejudiced him, rendering the proceeding " 'fundamentally unfair or ma[king] the result unreliable.' " Enoch v. Gramley, 70 F.3d 1490, 1503 (7th Cir.1995) (quoting Hollenback v. United States, 987 F.2d 1272, 1275 (7th Cir.1993)), cert. denied, 117 S.Ct. 95 (1996).
 
 
 11
 We have no difficulty finding that Devitt's performance was deficient. Filing a four-page brief that raised three immaterial arguments clearly qualifies as deficient attorney performance.[4] As the district judge observed, "none of [the claims] had any merit or even relevance to the defendant's appeal." Sims, 898 F.Supp. at 652. Devitt, as far as we can discern, never reviewed the trial or sentencing transcripts before filing his appellate brief. To compound matters, Devitt also failed to appear at oral argument.[5] It can hardly be surprising that both the district court and the government agree with Sims' assessment that appellate counsel was a "nightmare." Id.; Gov't Br. at 21.
 
 
 12
 Devitt's substandard representation prompts us to inquire whether his performance was so inept that it amounted to a constructive denial of counsel, which would be prejudicial per se and obviate the need to show prejudice under the Strickland test. Prejudice will be presumed where there has been " '[a]ctual or constructive denial of the assistance of counsel altogether' " Penson v. Ohio, 488 U.S. 75, 88 (1988) (quoting Strickland, 466 U.S. at 692). As the Supreme Court stated in United States v. Cronic, 466 U.S. 648, 658-59 (1984), "[t]here are ... circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.... The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." In Penson v. Ohio, the Court confirmed that the presumption of prejudice extended as well to the denial of counsel on appeal. 488 U.S. at 88.
 
 
 13
 In Penson, prejudice was presumed from appellate counsel's failure to file a brief complying with the requirements of Anders v. California, 386 U.S. 738 (1967). Counsel was allowed to withdraw based on a conclusory, one-paragraph statement that the case lacked merit and that he would not file a brief. The Supreme Court reversed, holding that counsel's motion to withdraw should have been denied because he failed to draw attention to anything in the record that might arguably support the appeal. Penson, 488 U.S. at 80-81 (citing Anders, 386 U.S. at 744). The Court pointed out that Penson had been left "completely without representation during the appellate court's actual decisional process." Penson, 488 U.S. at 88. Because Penson was constructively denied the assistance of appellate counsel, the Court held that he was entitled to the presumption of prejudice and that any analysis of ineffectiveness under Strickland 's prejudice standard was unnecessary. Id. at 88-89. Other courts encountering similarly inadequate Anders briefs have also applied the presumption of prejudice. Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990) (appellate counsel filed a two-page brief which raised no possible grounds of error and merely requested that the court review for errors patent on the face of the record); Lombard v. Lynaugh, 868 F.2d 1475 (5th Cir.1989) (two-page brief filed by appellate counsel fell below minimum standards by failing to discuss the evidence, refer to the record, or set forth any arguable grounds of error).
 
 
 14
 This court has consistently presumed prejudice when the performance of appellate counsel was so deficient as to constitute an actual or constructive denial of counsel. United States v. Nagib, 56 F.3d 798, 801 (7th Cir.1995) (presumption of prejudice where counsel failed to failed to file a timely notice of appeal); Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994) (presumption of prejudice where counsel "dropped the ball" in failing to take an appeal); United States ex rel. Thomas v. O'Leary, 856 F.2d 1011, 1018 (7th Cir.1988) (presumption of prejudice where counsel failed to file a brief during state's appeal of suppression order); see also Fern v. Gramley, No. 94-2258, slip op. at 7-10 (7th Cir. Oct. 31, 1996) (presumption of prejudice where counsel failed to file a motion in trial court to preserve defendant's direct appeal). The underlying reasoning for all of these cases was that "no one has looked at the record with an advocate's eye." Castellanos, 26 F.3d at 718.
 
 
 15
 Our court and others have resisted presuming prejudice, however, where errors of appellate counsel did not amount to constructive absence of counsel. See, e.g., Enoch v. Gramley, 70 F.3d 1490, 1503 (7th Cir.1995) (no per se prejudice in the "typical" situation "where the attorney failed to bring obvious claims to the attention of the appellate court but argued others"), cert. denied, 117 S.Ct. 95 (1996); Hollenback v. United States, 987 F.2d 1272, 1276 & n. 1 (7th Cir.1993) (no per se prejudice when appellate counsel filed twenty-seven page brief that contained citation to wrong provision of money-laundering statute); Sharp v. Puckett, 930 F.2d 450, 452-53 (5th Cir.1991) (no presumption of prejudice resulting from appellate counsel's failure to argue a colorable issue because counsel was present throughout appellate process, reviewed the record, and filed an appellate brief which argued a non-frivolous ground of error); United States v. Birtle, 792 F.2d 846, 847-48 (9th Cir.1986) (no per se prejudice when defendant's appellate counsel failed to appear at oral argument or file a reply brief). The First Circuit, in fact, has drawn a distinction between those few cases of nonperformance in which prejudice may be presumed and cases of inept performance in which actual prejudice must be demonstrated. Scarpa v. Dubois, 38 F.3d 1, 13-14 (1st Cir.1994) ("[A]ttorney error, even when egregious, will almost always require analysis under Strickland 's prejudice prong."), cert. denied, 115 S.Ct. 940 (1995).
 
 
 16
 Devitt's advocacy was shoddy and inept, but it was not so devoid of value as to constitute a complete absence of counsel. In a "Declaration" attached to Sims' motion, Devitt asserted that he had "personal knowledge" of "all facts" in the record. From the time he was retained by Sims' family, Devitt was available to Sims during the course of the appellate process, and he did file an appellate brief identifying three grounds of error. See Evitts, 469 U.S. at 394 (attorney "must be available to assist in preparing and submitting a brief to the appellate court" and "must play the role of an active advocate"). This is not a case where a defendant lost his ability to appeal his conviction because counsel neglected to perfect the appeal, to file an appellate brief, or to withdraw from representation without making any arguments. Devitt's representation may have been derelict, but it did not sink to the level of a constructive denial of counsel. Because we do not presume prejudice here, we next inquire whether Sims can show prejudice under the Strickland standard.
 
 
 17
 A defendant can establish the requisite prejudice on an ineffective assistance claim by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. Besides showing a reasonable probability of a different outcome, the defendant must also show that the deficient performance rendered the proceedings fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 368-70 (1993).
 
 
 18
 On this point, Sims essentially contends that Devitt presented futile claims to the appellate court, but failed to raise more obvious ones such as insufficiency of the evidence. However, this court has repeatedly held that counsel is not ineffective merely because he omits a significant issue. See, e.g., Mason v. Hanks, 97 F.3d 887, 893 (7th Cir.1996). For us to deem the lack of assistance prejudicial, we must also find that the omitted issue may have resulted in a reversal of the conviction. Id. This we cannot do. After careful review of the record before us, we are unable to conclude that appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal undermines our confidence in Sims' conviction. As the district court found:
 
 
 19
 The evidence against Sims ... shows that Sims cannot meet the "prejudice" requirement of Strickland. In addition to the coconspirator testimony against him, Sims was the subject of search warrants, controlled drug buys in Los Angeles, surveillance, and police interdiction efforts. Numerous pieces of circumstantial evidence, not the least being a mountain of phone charts, also tied him to the conspiracy and to his coconspirators. Regardless of the real or imagined errors of [trial counsel] and how those errors might play out under the "performance" component of Strickland, nothing Sims has alleged in his petition is sufficient "to undermine confidence in the outcome."
 
 
 20
 Sims, 898 F.Supp. at 654. We agree with the district court's explicit findings that the evidence mounted against Sims was persuasive, and that counsel's omissions did nothing to affect the outcome of the appeal. Counsel's dereliction in challenging the evidence was not prejudicial, just as it was not prejudicial in Heath v. Jones, 941 F.2d 1126, 1131-32 (11th Cir.1991), cert. denied, 502 U.S. 1077 (1992), where counsel filed briefs that were too cursory (the argument sections of his two briefs were only one and six pages long). But cf. Claudio v. Scully, 982 F.2d 798, 801, 803-05 (2d Cir.1992) (reversing denial of petition for habeas relief where counsel failed to include a key state law claim in his appeal), cert. denied, 508 U.S. 912 (1993). Without this showing of prejudice, Sims is not entitled to relief.
 
 II. Ineffective Assistance of Trial Counsel
 
 21
 Sims also renews the claim raised in his motion that he was denied the effective assistance of trial counsel.[6] As described earlier, he bears the heavy burden of proof of demonstrating counsel's ineffectiveness under the standard set forth in Strickland. Sims points to three instances of alleged ineffective assistance at trial, and we shall dispose of them briefly.
 
 
 22
 First, Sims claims that counsel failed to suppress the results of the April 1988 search of his residence in Gardena, California. Sims asserts that he was acquitted of state charges[7] relating to the search, and, consequently, any evidence found at the residence and introduced by the government at trial should have been suppressed. Yet even if the warrant were defective, suppression would not have been required here. In United States v. Leon, 468 U.S. 897, 926 (1984), the Supreme Court held that evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant will not be suppressed unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23; United States v. Sleet, 54 F.3d 303, 307 (7th Cir.1995). Sims does not suggest that there has been any inappropriate conduct on the part of the participating officers.
 
 
 23
 Sims next argues that counsel was ineffective in failing to challenge the July 1988 stop of him at the Memphis International Airport, during which officers seized nearly $16,000. Defense counsel made no objections to the introduction of this information at trial. The district court acknowledged that counsel's failure to challenge the airport stop may have constituted deficient performance, but went on to emphasize that Sims cannot show how he was prejudiced by counsel's omission. We agree with the district court that, in light of the direct testimony of coconspirators and substantial evidence of controlled buys and phone records, Sims cannot show how counsel's omission undermined confidence in the outcome of his trial.
 
 
 24
 Sims also contends that trial counsel failed to request two jury instructions regarding "addict informants" and "multiple conspiracies." Sims, however, has not shown that he was entitled to either instruction. An "addict-informant" instruction is only necessary when the witness is determined to be a drug addict. United States v. Hoffman, 957 F.2d 296, 299 (7th Cir.), cert. denied, 504 U.S. 960 (1992). Although admittedly the witnesses who testified for the government were involved with cocaine, Sims cites no evidence (beyond his own conclusory allegations) that they were addicts. See United States v. Yarbough, 55 F.3d 280, 284 (7th Cir.1995) (not error for district court to refuse instruction where witness, although he had been a drug user, was not considered addict at time of trial). Similarly, there is no evidence (beyond Sims' assertions) that a multiple conspiracy instruction was warranted. On the contrary, we recognized the existence of a single large conspiracy in Sims' direct appeal. Sims, slip op. at 2 n. 2 ("[E]ach of the appellant's convictions arises from the same charged conspiracy."); see United States v. Herrera-Rivera, 25 F.3d 491, 497 (7th Cir.1994). Because Sims was not entitled to "addict-informant" or "multiple conspiracy" instructions, counsel's failure to request such instructions does not constitute ineffective assistance.
 
 
 25
 III. No Finding that Sims Belonged to the Conspiracy
 
 
 26
 Finally, Sims repeats his argument that the district court never made a finding on the record that he was a member of the charged conspiracy, and therefore the introduction of coconspirator statements under Federal Rule of Evidence 801(d)(2)(E) was improper. We note initially that Sims did not raise this argument as a constitutional claim, and therefore it is not cognizable in a § 2255 proceeding. Even if it were cognizable, however, such an argument would fail. We rejected an identical argument raised on direct appeal by Sims' codefendant, Saul Ochoa. Sims, slip op. at 33 ("[W]e believe the [district] court's remarks reveal an unspoken assumption that each of the three defendants in this trial (Ochoa, Crawford, and Corey Sims) had been shown to be a member of the conspiracy and that the court's intent was simply to attempt to identify some of their other co-conspirators."). As law of the case, this earlier ruling remains binding on Sims. Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir.1995).
 
 CONCLUSION
 
 27
 For the foregoing reasons, we AFFIRM the judgment of the district court denying Sims' § 2255 motion.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary
 
 
 [1]
 Sims was tried jointly with Saul Ochoa and Gerald Crawford. Fifteen other individuals were also prosecuted in connection with the same drug conspiracy
 
 
 [2]
 Indeed, there is some question whether counsel ever reviewed the record. The docket sheet for the case does not reflect that counsel requested any of the trial or sentencing transcripts
 
 
 [3]
 Sims also asserts, for the first time, that (1) the forfeiture of assets constituted punishment, making his term of imprisonment a second punishment prohibited under the double jeopardy clause of the Fifth Amendment; and (2) his failure to receive notice of the forfeiture of the seized assets violated his due process rights. Because Sims did not raise these arguments in his motion before the district court, they are waived and we will not consider them on appeal. See Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991)
 
 
 [4]
 In his appellate brief, Devitt claimed that trial counsel was ineffective in failing to request both an "addict" jury instruction and a vindictive prosecution instruction. Neither claim finds any support in the record. Devitt also made a cursory argument that the district court at sentencing should have held Sims responsible for between one-half and one kilogram of cocaine rather than fifteen to fifty kilograms. The amounts of cocaine cited by Devitt are inaccurate. Sims was in fact held responsible for a range of five to fifteen kilograms--the very range proposed by Sims' trial counsel
 
 
 [5]
 The circumstances surrounding Devitt's absence at oral argument are murky and not well reflected in the record. However, Sims did append to his § 2255 motion a declaration of Devitt's asserting that he had assumed that he would be arguing the case over the telephone
 
 
 [6]
 We note that Sims' failure to raise his claims of ineffective assistance of trial counsel on direct appeal should act as a procedural bar to collateral review absent a showing of cause and prejudice. United States v. Frady, 456 U.S. 152, 168 (1982). Although the ineffectiveness of Sims' appellate counsel could provide cause for the default, Sims has never offered such an explanation. However, the government does not contend that Sims defaulted these claims, and we therefore proceed to consider them on the merits
 
 
 [7]
 No evidence concerning these alleged state charges appears in the record