**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-60786

_____

SIMEON HUGHES,

                                    Petitioner-Appellee,

versus

WALTER BOOKER, et al.,

                                    Respondents-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi

February 24, 2000

Before JOLLY, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Walter Booker, Superintendent of the Mississippi State Penitentiary at Parchman ("the State"), appeals the district court's decision granting appellee Simeon Hughes' ("Hughes") motion for a writ of habeas corpus because he received ineffective assistance of appellate counsel in violation of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967) and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988).  We affirm.

Hughes was convicted of armed robbery in Mississippi state court and subsequently sentenced as a habitual offender to thirty-four years in prison. On direct appeal to the Mississippi Supreme Court, Hughes' appointed counsel filed a brief alleging no specific error and arguing only that:

> Following a review of the transcript and record excerpt I do not believe that any substained [sic] issue evidencing reversible error exists in the trial of this cause. Nevertheless, the Defendant requests a review of the trial transcript and record excerpt by the Mississippi Supreme court for legal sufficiency of the evidence and for any substantial error committed during the course of the trial. Finally according to Kinningsworth v. State [sic] I have provided the Defendant, Simeon [H]ughes, notice of his right to appeal pro se by certificate of service.

Although Hughes was granted additional time in which to file a *pro se* appellate brief, Hughes declined to do so. The Mississippi Court of Appeals affirmed Hughes' conviction in an unpublished opinion.[1] Hughes' *pro se* application for state post-conviction relief was denied.

Hughes then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the district court. As grounds for relief, he alleged that he had been denied his constitutional right to a direct appeal and that he had received ineffective assistance of appellate counsel because his attorney had (1) filed a brief raising no specific issues, and (2) failed to object to a defective indictment. The district court—adopting a modified version of the magistrate judge's recommendation— found that Hughes had been denied effective asistance of counsel and that the decision of the Mississippi Supreme Court on Hughes' post-conviction motion was an unreasonable application of federal law. Accordingly, the district court ordered that Hughes' habeas petition be

---

[1] In affirming Hughes' conviction, the Mississippi court stated: "On appeal, Hughes does not raise any specific issue before this Court. Hughes states that he can find no specific instance of reversible error in this cause. . . . Because Hughes fails to show error on the part of the trial court, we affirm his conviction. . . . This Court will not assume the burden of briefing any issue which the Appellant, aided by counsel, cannot find or claim as error. The brief filed on behalf of Hughes contains neither argument nor support authorities. Accordingly, Hughes cannot overcome the presumption of correctness accorded to the trial court's judgment."

granted unless the State afforded him an out-of-time direct appeal with the assistance of competent counsel.

Hughes filed his habeas petition after April 24, 1996, and it therefore subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct 2059, 138 L. Ed.2d 481, ___ (1997). Because we agree with the district court that the Mississippi Supreme Court's decision was "on the merits," under AEDPA, we may not grant collateral relief unless the Mississippi Supreme Court's opinion:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. 2254(d).

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct 830, 834, 83 L. Ed.2d 821, ___ (1985). In *Penson v. Ohio*, the Supreme Court distinguished between two types of claims involving denial of assistance of appellate counsel. First, where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *See Penson*, 488 U.S. at 84, 109 S. Ct. 352-54, 102 L. Ed.2d 300 (citing *Strickland v. Washington,* 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67, 80 L. Ed.2d 674, ___ (1984)). Second, where the complained-of performance of counsel constituted an actual or constructive complete denial of the assistance of counsel, prejudice is presumed. *See id.*, 488 U.S. at 88-89, 109 S. Ct. at 354, 102 L. Ed. 2d at ___ ("the actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice") (citation omitted); *see also Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991).

*Penson* considered the consequences of an attorney's withdrawal from representation without filing a sufficient brief as required by *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 493. In *Anders*, the Supreme Court recognized that counsel could withdraw from representation without denying an appellant fair representation only where certain safeguards were followed.[2] *See id.* at 744, 87 S. Ct. at 1400, 18 L. Ed. 493 at ___.

We have previously held that a defendant is constructively denied effective assistance of counsel where counsel on direct appeal filed a brief asserting no grounds for appeal and requesting only a review of the record for patent errors. *See Lofton v. Whitley*, 905 F.2d 885 (5th Cir. 1990); *Lombard v. Lynaugh,* 868 F.2d 1475, 1480 (5th Cir. 1989). Here, counsel did not file an *Anders* brief or seek to withdraw from representation. Instead, Hughes' attorney filed a brief stating that he could find no issue "evidencing reversible error." We agree with the district court that this was the functional equivalent of withdrawing from representation without complying with the requirements of *Anders*.[3] *See Lofton*, 905 F.2d at 888 ("Lofton may have been formally represented by counsel, but the failure to raise any grounds for appeal was the equivalent of his

---

[2] Under *Anders,* counsel must conduct a "conscientious examination" of the case before seeking permission to withdraw from a case. *See id.* at 744, 87 S.Ct. at 1400, 18 L. Ed. 300. That request must be accompanied by a brief to the appellate court "referring to anything in the record that might arguably support the appeal." *id.* The appellate court must then conduct a "full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Id.*

[3] The State argues that Hughes' attorney complied with the allegedly more stringent withdrawal requirements of *Killingsworth v. State,* 490 So.2d 849 (Miss. 1986). We disagree. Under *Killingsworth*, counsel who believes his client's appeal is without merit must (1) fully represent to the court why the case is meritless and (2) send a copy of that representation to the defendant. The defendant will then be furnished reasonable opportunity to file his own comments with the court. *See id.*, 490 So.2d at 851. Here, while Hughes' counsel informed Hughes o f his right to file a *pro se* appellate brief, he failed to fully represent to the court (or his client) why he viewed Hughes' case as without merit.

-4-

attorney's withdrawal."); *see also Lombard,* 868 F.2d at 1480 (finding constructive denial of counsel where attorney "did nothing to attempt to aid Lombard's appeal beyond the initial perfecting of the appeal itself."). Accordingly, under *Penson*, we apply a presumption of prejudice.

The State contends that Hughes should nonetheless be denied relief because the only specific appellate issue that he raises —that his indictment was defective because it did not conclude with the phrase "against the peace and dignity of the state"—is without merit. Our previous cases applying *Penson* have indeed emphasized either that there were non-frivolous issues for direct appeal, *see Lombard*, 868 F.2d at 1484 ("[F]or it is in any even clear that if, as here, there are one or more indisputably nonfrivolous issues for appeal, counsel must do more than simply file a wholly conclusory 'no merit' brief . . . ."); *Lofton,* 905 F.2d at 890 ("Our review of the record without the benefit of counsel reveal at least one issue that may have not been frivolous, even if Lofton might have lost an appeal"), or that the court could not determine whether nonfrivolous issues existed, *cf. Lofton*, 905 F.2d at 890 ("Because we cannot determine that there would have been no nonfrivolous grounds for appeal, and because Lofton's appellate counsel asserted no grounds for appeal yet failed to follow the Anders procedures, we hold that Lofton is entitled to relief."). In *Lombard*, we expressly left open the question of whether there "would be any entitlement to [habeas] relief if there had been no nonfrivolous appellate issue or, assuming arguendo that the inquiries differ, if we could and did determine beyond a reasonable doubt that the conviction would have been affirmed on direct appeal had there been fully effective appellate counsel. *Lombard,* 868 F.2d at 1484.

Here, the district court found that, at the time that Hughes filed his appellate brief, at least

-5-

one nonfrivolous issue—the form of Hughes' indictment—existed. While we agree with the

district court on this point, we also agree with the State that this is no longer a valid argument.[4]

Nonetheless, we hold that the district court was correct in granting Hughes habeas relief. In

presenting its argument, the State essentially asks us to conduct a harmless error or prejudice

analysis. This ignores the clear import of *Penson*: Once we determine that a defendant has been

constructively denied appellate counsel — as we have here—"any discussion even flirting with the

language of Strickland's prejudice or harmless error analysis is unnecessary." *Lombard*, 868 F.2d

at 1487 (Goldberg, J., specially concurring); *see also Penson*, 488 U.S. at 88, 109 S. Ct. at 353,

___ L. Ed.2d __ ("It is therefore inappropriate to apply either the prejudice requirement of

Strickland or the harmless-error analysis of Chapman.").[5]

More significantly, as the district court correctly noted, the Mississippi Court of Appeals

did not examine the record to determine if any nonfrivolous appellate issues existed. Nor did the

district court make such a determination. It is not the role of this court to scour the record

—unassisted by an *Anders* brief or a state court ruling—in an effort to identify nonfrivolous

appellate issues. The essence of Hughes' constitutional deprivation was that he was denied the

effective assistance of an appellate advocate; our independent review of the record cannot remedy

---

[4]     Hughes' indictment, which both mentioned and expressly incorporated a "habitual offender" exhibit, concluded with the term "against the peace and dignity of The State of Mississippi." This satisfies the requirement of §169 of the Mississippi Constitution. *See Earl v. State,* 672 So.2d 1240, 1244 (Miss. 1996) (finding that indictment charging defendant with "the habitual offender allegations as set forth in the attachment hereto" satisfied § 169 as long as it concluded with the required term). Accordingly, at least following *Earl*, the defective-indictment issue is frivolous.

[5]     The State additionally argues that Hughes waived his right to raise the defective indictment issue on direct appeal and that the issue would be pro cedurally barred if raised on a subsequent direct appeal. For the reasons set forth directly above, this claim is irrelevant in light of our finding that Hughes was constructively denied appellate representation.

this denial. *Cf. Lofton,* 905 F.2d at 888 ("[W]hen a court had to consider the record without the advice of counsel, reversal was mandated.").

Accordingly, we find that the district court was correct in holding that the Mississippi Supreme Court's decision was based upon an unreasonable application of *Anders* and *Penson*. The judgment of the district court is therefore AFFIRMED.

JOLLY, Circuit Judge, concurring specially:


I agree that the result we reach today is required by Penson's holding that an irrebuttable presumption of prejudice arises when a defendant is effectively denied the right to counsel on appeal.  I write separately, however, to point out that the net effect of the relief that we grant today is zero, where, over the several years this case has been percolating through the courts, neither  anyone nor any court has identified an issue of the slightest arguable merit.  Hughes will be granted an opportunity to file an out-of-time direct appeal of his conviction, competent appellate counsel will file an Anders brief in Mississippi state court, a habeas petition will be filed in federal district court, and after the passage of much time and expense, our court will be placed in an almost identical situation as we are today--considering the merits of an appeal that is meritless.  However, because our court is bound by the Supreme Court's holdings in Penson and Anders, I concur in this exercise.