# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KP-02086-SCT

*OSCAR SAYLES, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 9/3/2000 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLAN D. SHACKELFORD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/01/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/22/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Oscar Sayles, Jr., appeals from his conviction in the Tunica County Circuit Court of possession of a firearm by a felon and his sentence as a habitual offender to three years in the custody of the Mississippi Department of Corrections. After Sayles's appellate counsel filed a timely notice of appeal, Sayles filed a pro se brief, and, almost a year later, appellate counsel filed a brief. The brief filed by appellate counsel is known as a "***Killingsworth*** brief"[1] because it asserted no reversible error. Having reviewed both Sayles's pro se brief and appellate counsel's brief and conducted an independent review of the record in accordance with ***Turner v. State***, 818 So. 2d 1186 (Miss. 2001), we affirm the conviction and sentence.

## FACTS

¶2. On a spring evening on April 23, 2000, Ricky Isabell, an off-duty deputy with the Tunica County Sheriff's Department, was standing at the front entrance of Craig's Place, a club in Tunica County. He

observed Sayles take a gun (which Officer Isabell identified as a Tech 9 semiautomatic) out of his pants and shoot it into the air. Sayles then put the gun back in his pants and left the scene. An arrest warrant for Sayles and a search warrant for his residence were issued on the basis of Officer Isabell's observations. Upon entering Sayles's residence (which Sayles shared with his sister), the Sheriff's deputies located Sayles, who was asleep in one of the bedrooms, and a Tech 9 semiautomatic weapon in the refrigerator. On the day the search warrant was executed, Sayles's sister stated that Sayles had put the gun in the refrigerator and that Sayles had possession of the gun "for some months."

¶3. At trial, Sayles's sister denied that the gun belonged to Sayles. She testified that it had been placed in the refrigerator by Sayles's girlfriend, that Sayles did not know the gun was there, and that Sayles did not share the residence with her. The prosecution introduced a photograph into evidence which depicted Sayles holding a gun which was similar in appearance to the gun found in the refrigerator.

¶4. At the beginning of the trial, Sayles stipulated that he was a convicted felon. Upon Sayles's conviction by the jury the circuit judge imposed the mandatory sentence under Miss. Code Ann. § 97-37-5, of three years in the custody of the Mississippi Department of Corrections.

## DISCUSSION

### I. WHETHER SAYLES'S PRO SE BRIEF CONTAINED ANY ISSUES THAT WOULD WARRANT REVERSAL OF THE CONVICTION AND SENTENCE.

¶5. Sayles's pro se brief asserts three issues, two of which refer to a guilty plea.[2] In the case presently before the Court, Sayles was found guilty by a jury and did not enter a guilty plea; therefore, these two issues are not relevant. The third issue raised is whether the circuit court erroneously failed to allow Sayles to subpoena witnesses to testify on his behalf. However, the record is void of any requests for subpoenas, and Sayles fails to assert who these witnesses are or the nature of their testimony. We have long held a defendant is responsible to make a record of what facts are contested for appeal purposes. "[F]acts asserted to exist by defendant in his brief must and ought to be definitely proved and placed before the Supreme Court by record, certified by law; otherwise, the Supreme Court cannot know them." *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983).

¶6. Sayles's pro se assignments of error are without merit.

### II. WHETHER SAYLES'S APPELLATE COUNSEL FOLLOWED THE CORRECT PROCEDURE IN FILING HIS BRIEF.

¶7. Sayles's appellate counsel states that he believes that no reversible error occurred at trial and that an appeal would be frivolous. Therefore, the procedure enunciated in *Turner v. State*, 818 So. 2d 1186 (Miss. 2001),[3] must be followed.

¶8. Counsel must show that the appellant was "unlikely to prevail on appeal"; file a brief indicating "that he [has] scoured the record thoroughly" and include in the brief "anything in the record that might arguably support the appeal"; and advise the appellant of his right to file a pro se supplemental brief. We then conduct our own independent review of the record. *Id.* at 1189. *See also Overstreet v. State*, 787 So. 2d 1249, 1255 (Miss. 2001).

¶9. Appellate counsel has asserted that Sayles is unlikely to prevail on appeal and that he has scoured the

record thoroughly, and has listed seven issues[(4)] which he believed might arguably support an appeal, but he provided no explanation as to why these issues might arguably support an appeal. In fact, the entire brief consists of only two pages.

¶10. Appellate counsel states in the brief that he "does hereby call to the attention of the Defendant/Appellant the only items in the record that might support an appeal." However, this statement does not in any way notify Sayles that he has the right to file a pro se, supplemental brief.[(5)] Therefore, we ordered that briefing be reopened for additional briefing pursuant to our decision in *Turner*. Sayles never filed a supplemental brief, but this prong of the test is satisfied by giving him the opportunity to so respond.

### III. WHETHER OUR INDEPENDENT REVIEW OF THE RECORD HAS REVEALED ANY ISSUES THAT WOULD WARRANT REVERSAL OF THE CONVICTION AND SENTENCE.

¶11. Our independent review of the record, including the issues raised by Sayles's counsel, indicates no errors that justify reversal. We have reviewed the sufficiency and weight of the evidence and find that a sufficient evidentiary basis for Sayles's conviction exists.

¶12. In reviewing the sufficiency and weight of evidence that forms the basis for a conviction, we consider the evidence in the light most favorable to the conviction, and if we decide that no reasonable person could have found the accused guilty beyond reasonable doubt, the verdict will be set aside; however, if review reveals that reasonable and fair-minded jurors in exercise of impartial judgment might have reached different conclusions, the guilty verdict is placed beyond Court's authority to disturb. *King v. State*, 798 So. 2d 1258, 1261 (Miss. 2001).

¶13. Prior to trial, Sayles stipulated that he was a twice-convicted felon. An off-duty sheriff's deputy witnessed Sayles firing a weapon into the air in the parking lot of a nightclub. A weapon similar to the one Sayles allegedly fired into the air was recovered at his residence. Although she later attempted to change her story at trial, Sayles's sister identified the pistol found in the residence as one Sayles had had for some time. The jury heard this evidence and found him guilty as charged. In considering this evidence in the light most favorable to the conviction, we conclude that reasonable jurors could have found Sayles guilty beyond a reasonable doubt.

### CONCLUSION

¶14. Having considered the briefs and having conducted an adequate and independent review of the record, we find no reversible error. Therefore, we affirm the judgment of the Circuit Court of Tunica County.

¶15. **CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE OPINION.**

1. *Killingsworth v. State*, 490 So. 2d 849 (Miss. 1986), *overruled in part, Turner v. State*, 818 So. 2d 1186 (Miss. 2001).

2. Whether the guilty plea was knowing and voluntary; and whether Sayles was properly notified of the nature and consequences of his plea, including the maximum and minimum penalties provided by law.

3. The procedure previously followed by this Court was set out in *Killingsworth v. State*, 490 So. 2d 849 (Miss. 1986). Therein, appellate counsel notified the Court that there were no meritorious assignments of error and that he wanted to withdraw as counsel. *Id.* In order to ensure that Killingsworth received effective appellate advocacy, we did not allow counsel to withdraw and required him to certify that he had furnished Killingsworth a copy of his representations to the Court. We also provided Killingsworth a reasonable opportunity to file his own comments, raising any additional points he wished to make. *Id.* at 851.

The United States Court of Appeals for the Fifth Circuit strongly criticized the *Killingsworth* procedure in *Hughes v. Booker*, 220 F.3d 346 (5th Cir. 2000), where Hughes's counsel filed a *Killingsworth* brief, but Hughes failed to file a supplemental brief. *Id.* The Fifth Circuit found that the procedure set forth in *Killingsworth* failed to ensure a defendant's right to effective appellate counsel. *Id.* at 352.

4. The listed issues are identical to the ones raised in Sayles's motion for JNOV: (1) the proof was insufficient to sustain a verdict of guilty; (2) the verdict was against the overwhelming weight of the evidence; (3) the failure of the circuit court to sustain Sayles's motion for a mistrial; (4) the circuit court erred in failing to grant Sayles's precautionary instruction regarding the use of Penny Sayles's prior statement; (5) the circuit court erred in sustaining objections of the State; (6) the circuit court erred in overruling objections by Sayles's attorney; and (7) the circuit court erred when it failed to grant Sayles's motion in limine to exclude the gun from evidence.

5. Sayles was not included in the certificate of service in appellate counsel's brief. Also, Sayles's pro se brief was not responsive to the issues raised in appellate counsel's attorney's brief that might arguably support an appeal.