**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 99-10042**

**JOHN WESLEY FORD,**

**Petitioner-Appellant,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

Appeal from the United States District Court
For the Northern District of Texas
(4:98-CV-241-A)

October 17, 2000

Before GARWOOD, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Texas prisoner John Wesley Ford, acting pro se, appeals from the district court's final judgment denying his first federal habeas corpus petition. Ford's conviction became final after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and his claims are, therefore,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled by the provisions of that statute.  Although Ford raised numerous issues in the district court, this Court granted COA on a single issue, which is whether Ford's constitutional right to a speedy trial was violated.  Ford's speedy trial issue is controlled by the four-factor analysis applied in Barker v. Wingo, 92 S. Ct. 2182 (1972), and its progeny.  Under that test, the Court considers: (1) the length of the pretrial delay; (2) the reason for the pretrial delay; (3) the defendant's attempts to assert his speedy trial rights, if any; and (4) the prejudice caused by the pretrial delay.  See Hughes v. Booker, 220 F.3d 346, 348 (5th Cir. 2000) (citing Lindh v. Murphy, 117 S. Ct. 2059 (1997)).

Ford pressed his speedy trial claim before the state habeas court, which received evidence and then entered findings of fact and conclusions of law in support of its decision denying relief. Under the strictures of AEDPA, this Court may not grant relief unless (1) the state court made an unreasonable determination of the facts in light of the evidence presented, 28 U.S.C. § 2254(d)(2), or (2) the state court's legal conclusions were in violation of clearly established Supreme Court precedent in existence when Ford's conviction became final, id. § 2254(d)(1). Having considered Ford's claims in light of the record and those standards, we are persuaded that there is no material error in the state court's disposition.  We, therefore, affirm the district

2

court's denial of relief for essentially the same reasons given by that court.

The district court is in all respects AFFIRMED.