# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-01663-SCT

*LARRY J. BREWER*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2001 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: |
| | CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/02/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Larry J. Brewer ("Brewer") was tried and convicted by a jury in the Circuit Court of Scott County,
Mississippi, of aggravated assault. He was then sentenced to serve a term of five years in the custody of
the Mississippi Department of Corrections and to pay a fine of $1,500.00 and all court costs. Aggrieved
by this judgment, Brewer appeals to this Court.

## FACTS

¶2.     On Christmas day 2000, Brewer recklessly passed a vehicle driven by Larod Odom ("Odom"),
who was on his way to his mother's home in Scott County. Shortly thereafter Brewer went to Odom's
mother's home and bragged about his beating Odom in his car. Odom repeatedly asked Brewer to leave

and finally grabbed him by the collar. Brewer left but returned with a shotgun and shot Odom in the leg. After he had been shot, Odom retrieved his pistol from his truck and fired three times at Brewer never hitting him. Thereafter, Brewer left and came back to only once again leave.

¶3.     Brewer testified as his only witness that he thought that his son was on the property that Odom was on and that he fired his gun only in self defense. However, after receiving the court's instructions on the applicable law, including self-defense, the jury reached a verdict of guilty in only twelve minutes.

¶4.     Brewer's appellate counsel filed a "Turner Memorandum to the Court," which states:

> The record in this case is almost devoid of objection by Appellant overruled and motion by Appellant denied. Counsel for Appellant would show that:
>
> 1. The Appellant is unlikely to prevail on appeal.
>
> 2. Counsel for Appellant has scoured the record thoroughly, and referring to anything in the record that might arguably support the appeal, found nothing.
>
> 3. Appellant's Counsel respectfully requests that Appellant be allowed twenty-five days additional days within which to file such comments or raise points as he may desire per Turner v. State, 1999-KA-00411-SCT (Miss. June 7, 2001).
>
> Counsel for Appellant regards the appeal without merit. He certifies that he has this same date forwarded, postage pre-paid, a copy of this brief to Appellant and moves that Appellant be allowed twenty-five days to file such comments or raise such additional points as he may desire, per Turner v. State, 1999-KA-00411-SCT (Miss. June 7, 2001).

Brewer has not filed a pro se brief.

## DISCUSSION

1. **DESPITE DEFENSE COUNSEL'S COMPLIANCE WITH THIS COURT'S HOLDING IN *TURNER V. STATE*, WHETHER THE PROCEDURE IN *TURNER* MEETS MINIMUM CONSTITUTIONAL REQUIREMENTS.**

¶5. *Turner v. State*, 818 So. 2d 1186, 1189 (Miss. 2001), requires that appellate counsel must:

(1) determine that the defendant is "unlikely to prevail on appeal." *Smith v. Robbins*, 528 U.S. 259, 279, 120 S.Ct. 746, 761,
(2) file a brief indicating "that he scoured the record thoroughly." *Hughes v. Booker*, 220 F.3d 346, 351 (5th Cir. 2000), and "referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, and
(3) advise client of his right to file a pro se supplemental brief. *People v. Wende*, 158 Cal. Rptr. 839, 600 P.2d 1071, 1073.

*Turner* goes on to say that after these three steps have been taken the appellate court must then "make its own independent review of the record." 818 So. 2d at 1189.

¶6. The State previously asked this Court to revisit this same issue in *Evans v. State*, 813 So. 2d 724 (Miss. 2002). This Court in *Evans* refrained from addressing this issue based on the premise that both submitted briefs declared that the appeal was without merit and that no pro se brief was filed alleging any other error. *Id.* at 728. The same is true in the present case. Additionally, in *Evans* just as in the case sub judice, neither the appellant's counsel nor the appellant addressed the State's suggestions to modify *Turner*. *Id.*

¶7. *Evans* was decided by this Court on April 11, 2002. *Id.* There is no benefit in revisiting this issue at this time.

## CONCLUSION

¶8.     After a thorough review of the record, we conclude that there is nothing in the record to support an appeal.  Thus, for the foregoing reasons, we affirm the judgment below and refrain from expanding the *Turner* requirements.

¶9.     **CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $1,500.00 AND ALL COURT COSTS, AFFIRMED.**

**PITTMAN, C.J., McRAE, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**