490 So.2d 849 (1986)
Milton KILLINGSWORTH
v.
STATE of Mississippi.
No. 57026.
Supreme Court of Mississippi.
May 28, 1986.
R.L. Wong, Cleveland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
*850 En Banc.
ROBERTSON, Justice, for the Court:
We are today called upon to face yet another troublesome aftermath to the call of Gideon's trumpet.[1] Court-appointed counsel for an indigent convicted defendant has advised us that he has diligently and in good faith considered his client's prospects on appeal and found them hopeless. He seeks leave to withdraw from further representation.
Our foremost value in this context is the provision to all persons of equal justice under law without regard to economic status or financial resources. To the extent reasonably practicable, we have sought to assure the poor, when confronted by the awesome machinery of our criminal justice system, have the same protections as are enjoyed by the rich. Most important have been our efforts to assure the indigent defendant enjoys the effective assistance of counsel, both at trial and on appeal.
Milton Killingsworth is one clearly the object of this constitutionally mandated concern. He stands convicted of aggravated assault in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi. Miss. Code Ann. § 97-3-7(2) (Supp. 1985). He has been sentenced to twelve years imprisonment. A certified indigent, he desires an appeal to this Court.
Killingsworth's court-appointed attorney, R.L. Wong, Esq., of Cleveland, Mississippi, relies in his motion to withdraw upon Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Anders holds consistent with federal constitutional requirements a procedure which would allow court-appointed counsel, finding without merit the proposed appeal of his client after a conscientious examination of it, to so advise the Court and request permission to withdraw. To obtain this rain check, counsel is required by Anders to file with the appellate court a brief "referring to anything in the record that might arguably support the appeal", 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498, to furnish his client a copy of the brief, and to allow the client time to raise any points he chooses. Where these requirements are met, Anders holds there is no impairment of the indigent's federal constitutional rights by the granting of the motion to withdraw.
The Constitution and laws of the State of Mississippi require more.
We begin with the proposition that any person convicted of an offense in a circuit court may of right appeal to this Court. Miss. Code Ann. § 99-35-101 (1972). This is so whether the defendant be rich or poor. If the defendant signifies his desire to exercise this statutory right and if he otherwise establishes that he is indigent in fact, the defendant may proceed in forma pauperis, Miss. Code Ann. § 99-35-105 (Supp. 1985), and is entitled to the appointment of counsel to represent him on appeal. Miss. Code Ann. § 99-15-15 (1972) and -17 (Supp. 1985).
Killingsworth has such counsel in the person of R.L. Wong, Esq. His counsel has faithfully tracked the Anders procedure. He has furnished to us his affidavit to the effect that he considers any possible appeal wholly without merit. He has filed an Anders brief discussing three possible points for consideration on appeal, including the question of whether the verdict was supported by the evidence. He has notified his client of his actions and furnished him a copy of the Anders brief.
Upon careful reflection, Anders to the contrary notwithstanding, it becomes painfully apparent that there is no way to vindicate Killingsworth's state constitutional right to the effective assistance of counsel incident to his appeal other than requiring appointment of counsel who, without fear or favor, will press such possible assignments of error as in the exercise of his professional judgment and responsibility he must.
The problem with Anders is that the process it sanctions belies its underlying *851 premise. The Anders court at the outset states that
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.
386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.
The procedure there authorized  and that followed in this case  has reduced Wong to the status of an amicus curiae. Such is the inevitable result of allowing an indigent defendant's court-appointed counsel, on the one hand, to state that he regards the appeal as "wholly frivolous", and on the other, to require that he file a brief raising any points "that might arguably support the appeal". 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. Fortunately, we are not bound by the minimum "federal requirements" of Anders and may construe our own Constitution and laws to afford greater protections for an accused. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 3474, 3476, 77 L.Ed.2d 1201, 1212, 1214-15 (Miss. 1983); Pruneyard Shopping Center v. Robins, 447 U.S. 74, 81, 100 S.Ct. 2035, 2040-41, 64 L.Ed.2d 741, 752 (1980); Penick v. State, 440 So.2d 547, 551 (Miss. 1983). We regard that the Anders procedure would compromise the indigent's rights incident to his appeal to the effective assistance of counsel secured by Article 3, Section 26 of the Mississippi Constitution of 1890. Cf. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
In the foregoing context, we consider Wong's motion to withdraw made under our Rule 40. That rule provides:
If an attorney desires to withdraw from a case, he may file a motion giving his reasons for desiring to withdraw and requesting approval of the Court.
When good cause exists for allowing an attorney to withdraw from representation of a client before this Court, upon proper motion, such withdrawal will be allowed. Allison v. State, 436 So.2d 792, 796 (Miss. 1983). The question presented here is whether a conscientious and diligently formed opinion by counsel that the appeal is without merit constitutes good cause. We hold today that it does not. Any other holding would impermissibly burden the indigent's right to the effective assistance of counsel incident to his appeal.
Lest we be misunderstood, nothing said here compels counsel to make a deliberate misrepresentation to the Court. Court-appointed counsel for indigent appellants are under the same obligation of fidelity to the court as other attorneys. If counsel truly believes an appeal without merit, he may with honor state such to the Court  although we caution that this be done only in the clearest of cases. Where counsel regards the appeal without merit and deems it his obligation to so state to the Court, the full protection of the rights of the accused require that he receive a copy of the representation counsel has made to the Court and be furnished a reasonable opportunity to file his own comments and raise any additional points that he chooses. We find this feature of our process compelled by our Constitution which guarantees to an accused "a right to be heard by himself or counsel, or both," ... . Miss. Const. art. 3, § 26 (1890).[2]
While we ground today's decision in the Constitution and laws of this state, we consider in the long run it will promote the strong public interest in finality in criminal proceedings. We may not responsibly remain insensitive to the perception of ever increasing lack of finality. The burgeoning flood of claims of ineffective assistance of counsel has rendered finality elusive and the public confidence erosive. We may begin to stem these waters only where counsel *852 give his all for his client even when he regards the cause as hopeless.
No doubt the process we order today will to many lawyers be regarded as a burden. It is a burden each assumed upon acceptance of a license to practice law. However passe it may be some circles, we regard as noble the lawyer who gives his all in behalf of the seemingly hopeless cause of his client. See Allison v. State, 436 So.2d 792, 794, 796-97 (Miss. 1983); Thornton v. Breland, 441 So.2d 1348, 1350 (Miss. 1983).
We emphasize that R.L. Wong, Esq. has served his client honorably. Rather than walking off and leaving his client in the lurch, contrast Myers v. Mississippi State Bar, 480 So.2d 1080 (Miss. 1985); and Allison v. State, 436 So.2d 792 (Miss. 1983), Wong has faithfully perfected his client's appeal and followed the procedure outlined in Anders. His only error has been his failure to perceive that our state law requires more than Anders.
The motion of R.L. Wong for leave to withdraw as attorney for Appellant, Milton Killingsworth, is denied. He is directed to proceed with the appeal on behalf of Milton Killingsworth in the manner otherwise provided by law. Because Wong has represented to the Court that he regards the appeal as without merit, we direct that upon the filing of the Brief for Appellant he certify that he has furnished a copy of same to Killingsworth whereupon Killingsworth will be allowed twenty (20) days from the date of his receipt of said brief to file such comments or raise such additional points as he may desire. Only after the expiration of such twenty (20) day period will the time begin running upon the Attorney General's obligations to file the Brief for Appellee.
MOTION TO WITHDRAW AS ATTORNEY FOR APPELLANT DENIED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[2] The procedure we announce today is an exception to the rule of Johnson v. State, 449 So.2d 225 (Miss. 1984).