# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-KA-00411-SCT

*KELVIN TURNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/15/1999 |
| TRIAL JUDGE: | HON. MARCUS GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  SCOTT STUART |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | BRIEFING SCHEDULE REOPENED - 06/07/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Kelvin Turner comes before this Court appealing the decision of a Scott County Circuit Court jury which found him guilty of aggravated assault upon a law enforcement officer. The trial judge sentenced Turner to serve thirty years without parole as a habitual criminal. Turner timely filed a notice of appeal and on December 28, 1999, his court- appointed counsel filed a *Killingsworth* brief[1] with this Court. On June 13, 2000, Turner filed a pro se supplemental brief. No reply brief or any further response was filed by Turner's counsel. Turner's pro se brief raises the following issue:

> **WHETHER THE EVIDENCE ADDUCED AT TRIAL IS INSUFFICIENT TO SUPPORT TURNER'S CONVICTION BECAUSE TURNER NEVER POINTED HIS WEAPON AT THE OFFICER, THE OFFICER SUFFERED NO BODILY HARM AND TURNER NEVER EVEN ATTEMPTED TO CAUSE THE OFFICER BODILY HARM?**

¶2. Because the *Killingsworth* procedure followed by Turner's counsel did not afford Turner adequate and effective appellate advocacy, we direct that the briefing schedule should be reopened for additional briefing consistent with this opinion.

## FACTS

¶3. While on duty as a uniformed patrol officer for the Forest Police Department, Jimmy Dean saw a pickup truck parked in the driveway of a vacant lot. Dean shined his lights into the truck and saw two males sitting inside. One of them got out of the truck, began walking toward the patrol car, explaining why he was parked in the driveway of the vacant lot. The other man, later identified as Kelvin Turner, was asked by

Officer Dean if he would talk to him. Turner then ran because he was a convicted felon and was in possession of a pistol. As Officer Dean ran in pursuit, Turner stumbled and fell to the ground with his hands underneath him. When Dean told Turner to put his hands out where he could see them, Turner continued to hold them beneath his body where Dean could not see them. As Dean attempted to pull Turner's left arm out from underneath his body, Turner rolled over and put his gun to Dean's forehead. Dean backed off, Turner pulled the trigger but the gun merely clicked and did not fire.

¶4. Officer Dean called for backup, then pursued Turner, who ran back to where the truck was parked. By that time a second officer, Thompson, arrived, and Dean and Turner began to struggle again. Officer Dean subdued Turner with mace, and the officers then arrested him.

¶5. The testimony of the witnesses at trial was in direct conflict regarding whether Turner ever pointed his pistol at Dean's head and pulled the trigger. Officer Dean testified that he did, but Turner testified that he threw the gun away during the chase because he did not want to be caught with the gun and also because he was about to fall and did not want to fall on the gun. Turner denied ever pointing the gun at Dean and denied ever pulling the trigger. Turner was found guilty by the jury in the Scott County Circuit Court. The State called only two witnesses, Officer Dean and the Forest police chief. Turner was the only witness for the defense. The trial judge sentenced Turner to serve thirty (30) years without parole as a habitual criminal for the crime of aggravated assault upon a law enforcement officer. Taking exception with the proceedings below, Turner now appeals to this Court.

## DISCUSSION

**WHETHER THE EVIDENCE ADDUCED AT TRIAL IS INSUFFICIENT TO SUPPORT TURNER'S CONVICTION BECAUSE TURNER NEVER POINTED HIS WEAPON AT THE OFFICER, THE OFFICER SUFFERED NO BODILY HARM AND TURNER NEVER EVEN ATTEMPTED TO CAUSE THE OFFICER BODILY HARM?**

¶6. Turner's court-appointed counsel for appeal believed the appeal to be without merit and followed the *Killingsworth* procedure approved by this Court in 1986 for use when counsel believes an appeal to be frivolous:

Where counsel regards the appeal without merit and deems it his obligation to so state to the Court, the full protection of the rights of the accused requires that he receive a copy of the representation counsel has made to the Court and be furnished a reasonable opportunity to file his own comments and raise any additional points that he chooses.

*Killingsworth v. State*, 490 So.2d 849, 851 (Miss. 1986).

¶7. The legal argument portion of the brief filed by Turner's counsel contained only three sentences, stating "[t]he record in this case is almost devoid of objection by Appellant overruled and motion by Appellant denied. Counsel for Appellant regards this appeal without merit." The final sentence was counsel's certification that he mailed a copy to Turner, and he requested the Court to allow Turner 25 days to file such comments or raise points as he desired. Turner subsequently filed his pro se Supplemental Brief for Appellant, stating the single issue set forth above.

¶8. The State has requested this Court find this appeal to be frivolous. In the alternative, the State requested that if this "Court finds that there are no nonfrivolous issues . . . that the Court specifically so find, and that

also it specifically find that counsel for the defendant properly has notified his client in compliance with *Killingsworth*." In the event an issue is determined to be nonfrivolous, the State requested this Court "set a briefing schedule directing counsel for the defendant to brief said issue or issues, and allow a reasonable time for the state to respond."

¶9. The Fifth Circuit strongly criticized the *Killingsworth* procedure recently in *Hughes v. Booker*, 220 F.3d 346 (5th Cir. 2000). Simeon Hughes was convicted of armed robbery and sentenced to thirty-four years in the custody of the Mississippi Department of Corrections. *Id.* at 348. Hughes's appointed counsel filed a *Killingsworth* brief, and Hughes failed to file a supplemental brief. *Id.* The Mississippi Court of Appeals affirmed the conviction and sentence, stating:

> [T]his Court will not assume the burden of briefing any issue which the Appellant, aided by counsel, cannot find or claim as error. The brief filed on behalf of Hughes contains neither argument nor support authorities. Accordingly, Hughes cannot overcome the presumption of correctness accorded to the trial court's judgment.

*Id.* at 352. Following the affirmance of his conviction by the Mississippi Court of Appeals, Hughes unsuccessfully filed for post-conviction relief in state court.

¶10. Hughes then filed a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254, alleging ineffective assistance of counsel. The district court announced that it would grant the petition unless the State agreed to grant Hughes an out-of-time direct appeal with the assistance of competent counsel. *Id.* at 348. The State refused to do so, the district court granted the petition, and the State appealed. *Id.* The Fifth Circuit affirmed and found that "the *Killingsworth* procedure fails to erect sufficient safeguards to protect a defendant's right to appellate counsel." *Id.* at 352.

¶11. The Fifth Circuit's analysis of Hughes's claim contained an excellent review of the various procedures found by the U.S. Supreme Court to safeguard a defendant's right to counsel when the current counsel feels the appeal is frivolous. *See Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Ct. of Appeals,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See also People v. Wende,* 600 P.2d 1071, 1073 (Cal. 1979). After considering the merits of the various procedures approved by the United States Supreme Court and the instructive language of *Hughes*, this Court today adopts the following procedures to be utilized in situations heretofore controlled by *Killingsworth*. The appellate counsel must:

> (1) determine that the defendant is "unlikely to prevail on appeal." *Robbins*, 528 U.S. at 279, 120 S.Ct. at 761,
>
> (2) file a brief indicating "that he scoured the record thoroughly." *Hughes*, 220 F.3d at 351 n.3, and "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 89 S.Ct. at 1400, and
>
> (3) advise client of his right to file a pro se supplemental brief. *Wende*, 600 P.2d at 1073.

At this point, the appellate court shall then make its own independent review of the record, in the manner followed in all other cases.

¶12. **Killingsworth** is overruled with regard to the procedure to be followed by counsel who regards his client's appeal to be without merit.

## CONCLUSION

¶13. The **Killingsworth** procedure did not afford Turner adequate and effective appellate advocacy. Having adopted a procedure to more effectively safeguard the rights of appellants such as Turner, this Court directs that the briefing schedule in this appeal be reopened for additional briefing consistent with this opinion. The Clerk of this Court shall notify the parties of the new briefing schedule. *See* M.R.A.P. 31.

¶14. **BRIEFING SCHEDULE REOPENED.**

**BANKS AND McRAE, P. JJ., MILLS AND WALLER, JJ., CONCUR. SMITH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., DIAZ AND EASLEY, JJ.**

**SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶15. The majority opines that Turner did not receive adequate and effective appellate advocacy due to a flaw in the **Killingsworth** procedure. The majority adopts a new procedure that requires appellate counsel to: (1) determine that the defendant was "unlikely to prevail on appeal," (2) file a brief indicating "that he scoured the record thoroughly" and include in the brief "anything in the record that might arguably support the appeal," and (3) advise the client of his right to file a pro se supplemental brief. Finding that Turner's counsel satisfied even this new heightened procedure, the briefing schedule should not be reopened.

¶16. In the new procedure adopted by this Court, appellate counsel must first determine that the defendant is "unlikely to prevail on appeal." *Smith v. Robbins*, 528 U.S. 259, 279, 120 S.Ct. 746, 761, 145 L. Ed. 2d 756 (2000). In the case sub judice, counsel for the appellant found that "this appeal is without merit." In essence, counsel noted the improbability for success on this appeal which satisfies this requirement.

¶17. Second, counsel must file a brief *indicating* "that he scoured the record thoroughly," *Hughes v. Booker*, 220 F.3d 346, 351 (5th Cir. 2000), and include in the brief "anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Again, counsel for Turner stated that "[t]he record in this case is almost devoid of objection . . .." In my opinion, this satisfies the second requirement. The majority does not require that counsel make a written statement that he "scoured the record." All that is required is that the brief *indicate* that counsel examined the record thoroughly. I believe that this statement *indicates* that examination. Similarly, the majority suggests that anything in the record arguably supporting the appeal must be included in the brief. However, if nothing in the record supports the appeal, nothing is required. It is clear from appellate counsel's brief that he was of the opinion that the appeal was without merit and nothing in the record supported such an appeal.

¶18. Third, counsel is required to advise the client of his right to file a pro se supplemental brief. In this case, counsel stated that he had forwarded a copy of this brief to Turner and asked the Court to allow twenty-five days for Turner to file comments or raise points that he may desire. Turner did file a supplemental brief that is now before this Court for review.

¶19. While I agree with the majority's new procedure which conforms with *Hughes* and *Anders*, in my

view, the safeguards of the new requirements have been satisfied here, and this Court can decide this case on the merits without additional briefing. I respectfully concur in part and dissent in part.

**PITTMAN, C.J., DIAZ AND EASLEY, JJ., JOIN THIS OPINION.**

1. This brief, so named because it was filed in accord with this Court's ruling in ***Killingsworth v. State***, 490 So. 2d 849, 852 (Miss. 1986), contained no issues and consisted of only three sentences saying, in essence, this appeal is without merit.