# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KA-01711-SCT

*JERRY LEWIS EVANS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2000 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/11/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/2002 |

**BEFORE McRAE, P.J., AND WALLER AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. This is a direct appeal from a judgment of conviction of a convicted felon possessing a firearm as a habitual offender. The Circuit Court of Scott County, Honorable Marcus D. Gordon presiding, sentenced Jerry Lewis Evans ("Evans") to serve a term of life imprisonment without parole pursuant to Miss. Code Ann. § 99-19-83 (2000).

## FACTS

¶2. On or about March 28, 2000, Scott County Deputy Sheriff Jerry McNeese and Lieutenant Gerald Greer went to the home of Larry Weems on Sparksville Road to execute a pickup order on Evans. The two deputies saw Evans walking across the yard. Evans then leaned against a pickup truck. The deputies approached Evans and told him that they had to take him with them. Lieutenant Greer said that Evans had a gun in his pocket. Evans pulled out the pistol and laid it on the back of the truck. The pistol was a .357 magnum which was loaded with six rounds of ammunition. Evans was a convicted felon at that time.

¶3. The grand jury indicted Evans for possessing a firearm while being a convicted felon in violation of Miss. Code Ann. § 97-37-5 (2000). The indictment also indicates that Evans was indicted as a habitual offender. The Circuit Court of Scott County tried Evans before a jury. The jury returned a verdict of guilty. The trial

court sentenced Evans to serve a term of life imprisonment without parole pursuant to Miss. Code Ann. § 99-19-83.

## DISCUSSION

¶4. Evans filed what is known as a "Killingsworth Memorandum." It is filed pursuant to the dictates of *Killingsworth v. State*, 490 So.2d 849, 852 (Miss. 1986). *Killingsworth* addresses the circumstance where a defendant's court-appointed counsel has examined the record and finds no issues of merit. It provides a procedure for a defendant's court-appointed counsel to follow when they find no viable issues. *Id.*

¶5. Counsel for Evans states that the record in this case is almost devoid of any objections made by Evans which were overruled or motions made by Evans which were denied. The three notable exceptions pointed out by Evans's appellate counsel are:

> Evans' trial counsel on motion for directed verdict made two points*:*
>
> 1. That the State's failure to prove all the prior convictions alleged in the indictment was fatal; and
>
> 2. The concealed weapon statute, § 97-37-1, Miss. Code Ann. (1972) and the felon possession of a deadly weapon statute, § 97-37-5, Miss. Code Ann. (1972), should be construed together to decriminalize possession of a deadly weapon by a felon on his homestead realty.
>
> Evans' trial counsel objected to jury instruction S-1 for the reason that it did not track the original indictment.

¶6. Evans's appellate counsel states that the first point of the motion for directed verdict failed because the crime alleged was proven. Evans's counsel points out that only one prior conviction was required to be shown under Miss. Code Ann. § 97-37-5 and four prior felony convictions were proven. Evans's appellate counsel states that the second point of the motion for directed verdict failed because *James v. State*, 731 So.2d 1135 (Miss. 1999) has so held. Appellate counsel additionally states that "Evans' objection to jury instruction S-2 failed for the same reason that the first point of the motion for directed verdict above failed."

*¶7.* Counsel for Evans regards the appeal without merit. Counsel for Evans certifies that he forwarded, postage pre-paid, a copy of Appellant's Brief to Evans. Counsel for Evans further moved that Evans be allowed twenty-five days to file such comments or raise such additional points as he desired, per *Killingsworth,* 490 So.2d 852.

*¶8.* The State points out that *Killingsworth* was overruled by *Turner v. State*, 2001 WL 624974 (Miss. 2001). *Turner* modified the rule controlling cases where appellate counsel believes an appeal to be frivolous. However, the State points out that counsel for Evans acted appropriately in his representation of Evans because the appellant's brief was filed before the Court issued its opinion in *Turner*. In other words, counsel for Evans complied with the case law that controlled when he filed Evans's brief.

*¶9.* In spite of this, the State posits that Appellant's Brief does not comply with points one and two of the new requirements found in *Turner*. Specifically, Appellant's Brief does not state (1) that Evans is unlikely to prevail on appeal and (2) that counsel has scoured the record thoroughly.

¶10. The State urges this Court to revisit *Turner*. The State respectfully suggests that federal law requires a determination by counsel that the appeal is frivolous, or has no "non-frivolous" or "arguable" issues. The State maintains that federal law holds that if a state uses the "unlikely to prevail on appeal" standard, the procedure may be inadequate to protect the rights of the defendant to effective assistance of counsel on appeal.

¶11. The State posits that "if one of the goals or purposes of the law is to ensure that federal constitutional rights are protected, it may be necessary to adopt a procedure that requires counsel to determine that there are no 'non-frivolous' or 'arguable' issues, instead of the present 'unlikely to prevail on appeal' finding that the opinion in *Turner* requires."

¶12. The State further asserts that "ultimate merit is a matter than can only be determined by the Court after a full review. An appeal could be 'without merit' but still contain some 'non-frivolous' or 'arguable' issues." In other words, the State maintains that "without merit" is a higher standard than "non-frivolous" or "arguable." Accordingly, the State suggests that the Court modify the rule expressed in *Turner* to substitute the requirement that counsel determine that the appeal contains no "non-frivolous" or "arguable" issues for the present determination that the defendant is unlikely to prevail on appeal.

¶13. The State also urges this Court to further modify the rule in *Turner* to tell the appellant that he has twenty days to file his pro se supplemental brief as that requirement was present in the rule expressed in *Killingsworth.* The State also suggests that "it may be helpful to require the notice to the appellant be sent certified so that there will be proof that the inmate received the brief and notice from counsel and on what date the inmate received the brief and notice so the running of the time can be accurately and fairly calculated."

¶14. Pursuant to an order by this Court dated July 16, 2001, counsel for Evans filed a supplemental brief in accordance with the mandates of *Turner*. The supplemental brief states in pertinent part:

　　1. The Appellant is unlikely to prevail on appeal.

　　2. Counsel for Appellant has scoured the record thoroughly referring to anything in the record that might arguably support the appeal and found nothing.

　　3. Appellant's Counsel respectfully requests that Appellant be allowed twenty-five days [sic] additional days within which to file such comments or raise points as he may desire per Turner v. State, 1999-KA-00411-SCT (Miss. June 7, 2001).

¶15. In response to Evans's supplemental brief, the State announces that Evans has not filed a supplemental brief pro se. Additionally, the State declares that it has examined the record a second time and has not found an arguable, non-frivolous issue on which Evans is likely to prevail, or which otherwise reasonably provides a basis for appeal. Again, the State urges this Court to affirm the conviction and sentence after reviewing the record.

¶16. Any person convicted of an offense in a circuit court may of right appeal to this Court. *Killingsworth v. State*, 490 So.2d at 850 (citing Miss. Code Ann. § 99-35-101 (1972)). This is so whether the defendant be rich or poor. *Killingsworth,* 490 So.2d at 850. If the defendant signifies his desire to exercise this statutory right and if he otherwise establishes that he is indigent in fact, the defendant may proceed in forma pauperis pursuant to Miss. Code Ann. § 99-35-105 (Supp. 1985), and [he will be]

entitled to the appointment of counsel to represent him on appeal pursuant to Miss. Code Ann. § 99-15-15 (1972) and § 99-15-17 (Supp. 1985). 490 So.2d at 850.

¶17. ***Killingsworth*** established a procedure for a defendant's court-appointed counsel to follow when they found no viable issues for appeal. The ***Killingsworth*** procedure approved by this Court in 1986 for use when court-appointed counsel believed an appeal to be frivolous was:

> Where counsel regards the appeal without merit and deems it his obligation to so state to the Court, the full protection of the rights of the accused requires that he receive a copy of the representation counsel made to the Court and be furnished a reasonable opportunity to file his own comments and raise any additional points that he chooses.

***Killingsworth v. State***, 490 So.2d at 851.

¶18. Finding that the ***Killingsworth*** procedure failed to erect sufficient safeguards to protect a defendant's right to appellate counsel, this Court overruled ***Killingsworth*** in ***Turner v. State***, 2001 WL 624974 (Miss.2001). With regard to the procedure to be followed by counsel who regards his client's appeal to be without merit, the new requirements established in ***Turner*** state that appellate counsel must:

> (1) determine that the defendant is "unlikely to prevail on appeal," and
>
> (2) file a brief indicating "that he scoured the record thoroughly," and
>
> (3) advise client of his right to file a pro se supplemental brief.

***Id***. at *3. At this point, the appellate court shall then make its own independent review of the record, in the manner followed in all other cases.

¶19. Our review of the record reveals that, in fact, the record is almost devoid of any objections made by Evans which were overruled or motions made by Evans which were denied. The notable exceptions include the trial court overruling Evans's motion for directed verdict and the trial court overruling Evans's objection to jury instruction S-1.

¶20. First, on the motion for directed verdict, Evans's counsel made two points

> 1. That the State's failure to prove all the prior convictions alleged in the indictment was fatal; and
>
> 2. The concealed weapon statute and the felon possession of a deadly weapon statute should be construed together to decriminalize possession of a deadly weapon by a felon on his homestead realty.

¶21. "[I]t is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." ***Mitchell v. State***, 739 So.2d 402, 404 (Miss. Ct. App. 1999) (citing ***Lester v. State***, 692 So.2d 755, 774-75 (Miss. 1997)). "[A] change in an indictment is permissible if it does not materially alter facts which are the essence of the offense . . . as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case. The test . . . is whether the defense as it originally stood would be equally available after the amendment is made." ***Id.***

¶22. In the case sub judice, the indictment returned by the grand jury charges Evans with possession of a firearm by a convicted felon in violation of Miss. Code Ann. § 97-37-5. The indictment also charges Evans as a habitual offender. Only one prior felony conviction is required to be shown under § 97-37-5, one of the statutes under which Evans was indicted and convicted. In order to sentence a defendant to life imprisonment under Miss. Code Ann. § 99-19-83, two prior felony convictions are required to be shown with one of the prior felony convictions being a crime of violence. The record reveals that four prior felony convictions were proven. Those prior felony convictions included cause number 7246 from Sunflower County, Mississippi, for escape, cause number 7247 in Sunflower County, Mississippi, for grand larceny, cause number 3112 in Scott County, Mississippi, for grand larceny and cause number 4291 in Newton County, Mississippi, for attempted rape. Thus, the statutory requirements as set forth in Miss. Code Ann. §§ 97-37-5 and 99-19-83 were met.

¶23. The amended indictment merely reduced the number of previous felony convictions. Such change did not materially alter the facts which were the essence of the offense - possession of a firearm by a convicted felon. Nor did the change materially alter Evans's defense to the indictment. Accordingly, Evans suffered no prejudice by the amended indictment and this argument is without merit.

¶24. This Court has considered the issue raised in point two of Evans's motion for directed verdict in *James v. State*, 731 So.2d 1135 (Miss. 1999). In *James*, the defendant was convicted under the statute prohibiting possession of a firearm by a convicted felon. James appealed contending that Miss. Code Ann. § 97-37-5 should be read along with Miss. Code Ann. § 97-37-1 to permit a felon to possess a firearm in his own home. Justice Banks, writing for the Court, held that the court was not required to read the statute prohibiting possession of a firearm by a convicted felon in conjunction with the statute allowing citizens to carry concealed weapons within the confines of their own homes. *Id.* at 1138. As Justice Banks pointed out, if the Legislature wanted to allow felons to possess firearms in their homes, the Legislature was perfectly capable of saying so. *Id.* The Legislature has declined to do so, and accordingly, this argument is without merit.

¶25. Evans's trial counsel objected to jury instruction S-1 because it did not track the original indictment. This argument is similar to the argument made in point one of Evans's motion for directed verdict. Pursuant to the discussion on that point, and because the State was only required to prove one prior felony conviction and they proved four prior felony convictions, this argument fails.

**CONCLUSION**

¶26. After reviewing the record, this Court finds that the conviction and sentence of Evans should be affirmed. Evans was tried before a jury. Evans offered no witnesses or testimony in his defense. It took the jury a mere nine minutes to pass upon his guilt. The briefs submitted in this appeal declare that the appeal is without merit. No pro se brief was filed by Evans alleging any other errors. Therefore, the judgment of the trial court is affirmed.

¶27. Neither Evans nor his counsel seized the opportunity to address the State's suggested modifications to the rule expressed in *Turner*. For that reason, this Court will refrain from addressing those points at this time.

¶28. **CONVICTION OF POSSESSING A FIREARM BY A CONVICTED FELON AND SENTENCE OF LIFE IMPRISONMENT, WITHOUT PAROLE, AS A HABITUAL**

**OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SAID SENTENCE SHALL RUN CONCURRENTLY WITH ANY PRIOR SENTENCES APPELLANT IS PRESENTLY SERVING.**

**PITTMAN, C. J., McRAE AND SMITH, P. JJ., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR.**