IRVING, J.,
for the Court.
¶ 1. Joe Stanner Agee was convicted of sale of cocaine by a Jasper County jury and sentenced to eight years in the custody of the Mississippi Department of Corrections by the Jasper County Circuit Court. Agee’s attorney has filed an appeal which contends that there was no error below and asks this Court, in accordance with Lindsey v. State, 2003-KA-00331-SCT, 939 So.2d 743, 2005 WL 613396 (Miss. Mar. 17, 2005), to review the record for any possible assignment of error.
¶ 2. Finding none, we affirm.
FACTS
¶ 3. Following a videotaped drug buy by an undercover police officer on February 11, 2003, Agee was arrested and indicted for the crime of sale of cocaine, a controlled substance. At trial, the videotape was introduced into evidence and shown to the jury. The officer who bought the cocaine from Agee testified about how the camera was set up and testified that he had confirmed that the camera was working before he bought the cocaine from Agee. The officer also testified that he had reviewed the videotape, and that the videotape accurately represented what happened on February 11. A proper chain of custody was established by the two officers who had possession of the video prior to trial. At trial, the State presented both the videotape of the sale and the testimony of the undercover officer who bought the cocaine from Agee. An analyst from the Mississippi Crime Lab testified that the substance sold by Agee was positively identified as cocaine. Agee did not take the stand or offer any other evidence in his defense.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. The procedure in a case like this, where a defendant’s attorney believes that *378 there is no non-frivolous issue to bring on appeal, was originally found in Killingsworth v. State, 490 So.2d 849 (Miss.1986). However, Killingsworth was later overruled by Turner v. State, 818 So.2d 1186 (Miss.2001), and Lindsey has now overruled Turner in part.
¶ 5. The procedure currently in place, as announced in Lindsey, is that appellate counsel must (1) determine that the only claims left for appeal are frivolous, (2) file a brief indicating that he has done a thorough review of the record and found nothing to support an appeal, and (3) “advise [his] client of his right to file a pro se supplemental brief.” Lindsey, 2003-KA-00331-SCT at (¶¶ 12-14) (citations omitted). The appellate court must then “make its own independent review of the record,” and, if any arguable issue is found, require counsel to file a supplemental brief on the issue. Id. at (¶¶ 15-16).
¶ 6. In this case, Agee’s attorney filed a brief indicating that he has conducted a thorough review of the record. In particular, the attorney addressed the admissibility of the videotape of the drug buy, and ultimately found that, because the court clearly ruled correctly in admitting the tape, the admission of the videotape does not present an arguable, non-frivolous issue for appeal. We agree, and also find no other arguable, non-frivolous issue in the record. Agee’s attorney avers in his brief that he has informed Agee of his appellate situation and has advised Agee of his right to file a pro so brief. To date, no such brief has been received by this Court from Agee. Therefore, we find that the procedures detailed in Lindsey have been satisfied.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.